# United States District Court, Northern District of Illinois 

| Name of Assigned Judge or Magistrate Judge | Morton Denlow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7163 | **DATE** | 8/17/2004 |
| **CASE TITLE** | Danielle Howell vs. North Central College, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order denying plaintiff's motion to alter or amend the court's decision of 6/2/04 [49-1], [49-2].

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | AUG 1 8 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | S3 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| yp | courtroom deputy's initials | 2004 AUG 17 PM 4:29 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| DANIELLE HOWELL, | ) | |
| | ) | DOCKETED |
| Plaintiff, | ) | |
| | ) | AUG 1 8 2004 |
| vs. | ) | No. 02 C 7163 |
| | ) | |
| NORTH CENTRAL COLLEGE, | ) | |
| THE TRUSTEES OF NORTH | ) | |
| CENTRAL COLLEGE, BY AND | ) | Magistrate Judge Morton Denlow |
| THROUGH ITS CHAIRMAN, | ) | |
| RICHARD NORENBERG, | ) | |
| WALTER JOHNSON, LINDA | ) | |
| OLSON, and KAREN SEREMET, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Danielle Howell asks this Court to alter or amend the decision of June 2, 2004, in which Magistrate Judge Edward A. Bobrick denied her motion to amend her complaint, and dismissed her complaint *sua sponte*. For the reasons stated herein, plaintiff's motion to alter or amend Magistrate Judge Bobrick's June 2, 2004 decision is denied.

## I. BACKGROUND

Plaintiff attended North Central College from September of 1998, until June of 2003, and played on the women's basketball team for a little more than two seasons. During her time with the team, she claims she was targeted for harassment because she is a heterosexual. She filed her original four-count complaint on October 4, 2002, which charged the college and the other defendants with sexual harassment in violation of Title IX of the Educational

Amendments of 1972, 20 U.S.C. § 1681 *et seq.*, violation of her due process rights under 42 U.S.C. § 1983, and intentional and negligent infliction of emotional distress. On January 27, 2003, Judge Suzanne B. Conlon dismissed plaintiff's Title IX claims against the individual defendants, her § 1983 claims against all defendants, and all her claims against defendant Richard Norenberg.

On March 15, 2004, the day discovery closed, plaintiff sought leave to file an amended complaint to add a claim of retaliation in violation of Title IX and a claim for breach of contract. Plaintiff's proposed retaliation claim alleges that the defendants took adverse action against her after her parents wrote a letter to the college's athletic director complaining about the treatment she received from her coaches. The plaintiff's proposed breach of contract claim alleges that the defendants breached a contract with plaintiff that was set out in certain student handbooks, which prohibited discrimination in college programs. In a Memorandum Order dated June 2, 2004, Judge Bobrick denied plaintiff leave to add these claims to her complaint, and dismissed her complaint *sua sponte*. *Howell v. North Central College*, 320 F.Supp.2d 717 (N.D.Ill. 2004).

Assessing the plaintiff's proposed retaliation claim, the court acknowledged that Title IX protects persons from retaliation for complaining about discrimination, but explained that the "'complaint must involve discrimination that is prohibited by [the statute].'" 320 F.Supp.2d at 720 (*quoting Hamner v. St. Vincent Hosp. and Health Care Center*, 224 F.3d 701, 707 (7th Cir. 2000). The court examined plaintiff's allegations regarding the nature of

the discrimination she opposed, and concluded that her complaint involved discrimination, or harassment, based on her sexual orientation as a heterosexual. After reviewing analogous Title VII case law, the court determined that Title IX did not proscribe discrimination or harassment based on one's sexual preference. 320 F.Supp.2d at 721-24. Accordingly, Judge Bobrick denied plaintiff's motion to amend her complaint as futile, finding her proposed retaliation claim would not survive a motion to dismiss. 320 F.Supp.2d at 724.

Plaintiff's motion to add a retaliation claim necessitated an examination by Judge Bobrick of her original Title IX claim. That examination revealed that plaintiff's original Title IX claim did not state a cause of action because it was based on sexual orientation. Satisfied that the parties had already sufficiently argued the issue of the nature of the plaintiff's original Title IX claim in connection with plaintiff's proposed retaliation claim, the court dismissed the original claim *sua sponte*. 320 F.Supp.2d at 724-25. With the basis for federal jurisdiction gone, the court denied plaintiff leave to add her breach of contract claim and relinquished jurisdiction over her state law claims under 28 U.S.C. § 1367(c)(3). 320 F.Supp.2d at 725-26.

On June 24, 2004, this matter was reassigned to this Court pursuant to Local Rule 40.1(f), following Judge Bobrick's retirement from the bench. That same day, plaintiff filed a "Motion of Plaintiff for this Court to Alter or Amend its Sua Sponte Decision to Dismiss the Plaintiff's Title IX Retaliation Claim Without First Granting Plaintiff Leave to Amend Her Complaint and without Consideration of the Letter Written to School Administrators

Complaining that the Defendants had Sexually Harassed and Sexually Discriminated Against Plaintiff." ("*Plaintiff's Motion*"). The motion included the letter to which the prolix title referred, and asked the court to vacate Judge Bobrick's ruling and to grant her leave to amend her complaint.

Following briefing of this motion, on August 4, 2004, the Court heard oral argument. During the course of that argument, it became clear that plaintiff's original Title IX claim was, as Judge Bobrick had concluded, exclusively concerned with discrimination and harassment motivated by plaintiff's sexual orientation. Admitting this, and conceding that sexual orientation is not protected under Title IX, plaintiff's counsel voluntarily dismissed the original Title IX claim – Count I of the complaint – with prejudice. With the *sua sponte* dismissal of the plaintiff's original Title IX claim no longer an issue, the question becomes whether Judge Bobrick properly denied plaintiff leave to add a retaliation claim and a breach of contract claim. After reviewing that decision and considering all of plaintiff's arguments and additional case citations, this Court agrees with Judge Bobrick and once again denies plaintiff's motion to amend her complaint because her retaliation claim does not state a cause of action and would be futile.

## II. ANALYSIS

### A. STANDARD FOR AMENDING A COMPLAINT

Plaintiff submits that, in considering her motion to amend her complaint, it was improper for the court to question whether her allegations demonstrated that her complaint

4

involved discrimination that Title IX prohibited. (*Plaintiff's Motion*, at 3). Operating under a misapprehension as to the law applicable to a motion under Rule 15(a), the plaintiff argues that the court ought to have confined its ruling to whether the defendant would suffer undue prejudice if she were allowed to amend her complaint. (*Plaintiff's Motion*, at 3). As the court indicated in its Memorandum Order, Fed.R.Civ.P. 15(a) instructs that leave to amend a complaint be freely given when justice so requires, but does not mandate that leave be granted in every case. 320 F.Supp.2d at 719-20. While undue prejudice is one factor the court must consider in evaluating a motion to amend, the court must also consider whether the proposed amendment would be futile; that is, whether the amendment would withstand a motion to dismiss. *Park*, 297 F.2 at 612-13; *Vargas-Harrison v. Racine Unified School Dist.*, 272 F.3d 964, 974 (7th Cir. 2001).

## B. THE PROPOSED RETALIATION CLAIM IS FUTILE

In his evaluation of plaintiff's proposed retaliation claim under Title IX, Judge Bobrick relied fairly extensively on *Hamm v. Weyauwega Milk Products, Inc.*, 332 F.3d 1058 (7th Cir. 2003) and *Hamner v. St. Vincent Hosp. and Health Care Center*, 224 F.3d 701(7th Cir. 2000). The court acknowledged that, under Title IX, an individual is protected not only from discrimination on the basis of sex, but from retaliation for complaining about the type of discrimination the statute prohibits. 320 F.Supp.2d at 720. The court allowed that a retaliation claim might be valid even if the discrimination or harassment at issue were not sufficiently severe to implicate Title IX's protections, but emphasized that "'the

5

complaint must involve discrimination that is prohibited by [the statute].'" 320 F.Supp.2d at 720 (*quoting Hamner*, 224 F.3d at 707). When Judge Bobrick examined plaintiff's allegations, it became evident that, as the plaintiff now concedes, the complaint involved discrimination that Title IX did not proscribe: discrimination or harassment based on sexual orientation. 320 F.Supp.2d at 723-25. In both *Hamm* and *Hamner*, the Seventh Circuit held that a plaintiff could not maintain a retaliation claim where the conduct opposed was discrimination or harassment based on sexual orientation. *Hamm*, 332 F.3d at 1066; *Hamner*, 224 F.3d at 707. Following these two holdings, Judge Bobrick denied plaintiff's motion to add a retaliation claim to her complaint. 320 F.Supp.2d at 724.

The plaintiff continues to maintain that her proposed retaliation claim states a cause of action that would survive a motion to dismiss. Plaintiff focuses on that portion of *Hamner* in which the court explained that, even if a plaintiff complained of discrimination or harassment that was not sufficiently severe to implicate the statute's protection, she could nevertheless advance a retaliation claim if she had a sincere and reasonable belief that she was opposing an unlawful practice. (*Plaintiff's Motion*, at 2). In so doing, she seems to suggest that she had a sincere and reasonable belief that the conduct she opposed – discrimination or harassment based on sexual orientation – was actionable under Title IX. In *Hamner*, however, the court made it clear that a plaintiff must not only have a subjective belief that she was opposing unlawful conduct, but that her belief must be *objectively reasonable* as well. 224 F.3d at 707. That means the complaint "cannot be without legal

6

foundation, but must concern the 'type of activity that, under some circumstances, supports a charge of sexual harassment.'" *Id.* (*quoting Holland v. Jefferson National Life Ins. Co.*, 883 F.2d 1307 (7th Cir. 1989)).

Discrimination or harassment based on sexual orientation is not that type of activity. *Hamm*, 322 F.3d at 1066; *Hamner*, 224 F.3d at 707. Discrimination or harassment based on sexual orientation is, however, the type of activity at issue here. As plaintiff stated when seeking to file her amended complaint, "[h]ad she been a homosexual, this case would not exist." (*Plaintiff's Reply to Defendant's Response to Plaintiff's Rule 15(a) Motion*, at 4). She conceded at oral argument that her complaint involved discrimination or harassment based exclusively on her sexual orientation. As a result, the Court finds that her belief was not objectively reasonable.

Plaintiff submits that the letter her parents wrote to the college's athletic director is her proof of both the sincerity and reasonableness of her belief. (*Plaintiff's Motion*, at 2). At oral argument, plaintiff maintained that, had Judge Bobrick considered this letter under *Dey v. Colt Const. & Development Co.*, 28 F.3d 1446 (7th Cir. 1994) – as well as several other cases plaintiff has since submitted for this Court's perusal – he would have been constrained to find she had a valid retaliation claim under Title IX. In order to assure the plaintiff of every opportunity to present her best case, the Court will treat the letter as though it were an attachment to the plaintiff's proposed amended complaint. *See Tierney v. Vahle*, 304 F.3d 734, 738-39 (7th Cir. 2002) (court may consider letter attached to complaint in

7

deciding motion to dismiss without converting motion to one for summary judgment). Even with that concession, however, and after consideration of the cases plaintiff cites, the court holds that plaintiff's proposed Title IX retaliation claim would not survive a motion to dismiss.

Plaintiff first raised *Dey* in support of her Title IX retaliation claim in the briefing on her Rule 15(a) motion. (*Plaintiff's Reply to Defendant's Response to Plaintiff's Rule 15(a) Motion*, at 4). As Judge Bobrick noted in his Memorandum Order, the *Dey* court held that a plaintiff's Title VII retaliation claim might survive even if a trial revealed the instances of gender-based harassment the plaintiff detailed in her main claim were not sufficiently severe to depict a hostile work environment. 28 F.3d at 14557-58, *cited in Howell*, 320 F.Supp.2d at 721 n.3. Significantly, in *Dey*, there was no question that the type of harassment of which the plaintiff complained was proscribed by Title VII: the female plaintiff there alleged that her male supervisor subjected her to instances of sexually-explicit commentary and sexual innuendo. 28 F.3d at 1453. This makes *Dey* distinguishable from plaintiff's case.

At the Court's request, following oral argument, plaintiff provided the Court with a list of additional cases she feels support her retaliation claim. None of these cases explain how the plaintiff's belief that she was opposing unlawful conduct might have been objectively reasonable. In nearly all of these cases, as in *Dey*, there was no question that the plaintiff was opposing conduct unlawful under Title VII, be it gender discrimination; *Fine v. Ryan International Airlines*, 305 F.3d 746, 750-52 (7th Cir. 2002) (female pilot's

underlying Title VII discrimination claim alleged disparate treatment compared to male pilots); *Holland.*, 883 F.2d at 1314-16 (female plaintiff alleged she was retaliated against for complaining about her male supervisor's sexually offensive remarks and threatening to file EEOC charges); *Jennings v. Tinley Park Community Consolidated School Dist. No. 146*, 796 F.2d 962 (7th Cir.1986) (female plaintiff alleged male employees were eligible for overtime while female employees were not); or racial discrimination. *Rucker v. Higher Educational Aids Board*, 669 F.2d 1179, 1182 (7th Cir.1982) (plaintiff opposed racial discrimination against a co-worker). Plaintiff's two remaining citations – *McDonnell v. Cisneros*, 84 F.3d 256 (7th Cir. 1996) and *Berg v. La Crosse Cooler Co.*, 612 F.2d 1041 (7th Cir.1980) – while failing to lend support to her retaliation claim, warrant some additional attention.

In *McDonnell v. Cisneros*, 84 F.3d 256 (7th Cir. 1996), the plaintiffs – a pair of male and female co-workers – alleged harassment stemming from an abusive investigation of charges that they had engaged in job-related sexual misconduct. According to the complaint, the process of investigating the anonymous charges created a hostile environment, in which the pair were subjected to verbal abuse of a sexual nature. The Seventh Circuit concluded that a viable claim of sexual harassment might arise from the verbal harassment alleged, but affirmed the district court's dismissal of the complaint, holding that "an investigation of sexual harassment that exceeds the proper limits is [not] itself a form of actionable sexual harassment." *Id.* at 260-61. Thus, the court did not find the underlying claim "completely groundless," *Id.* at 259, but instead refused to interpret the law so as to find an employer,

9

whose investigation of sexual harassment charges might overstep proper bounds, guilty of sexual harassment. *Id.* at 261. As such, when the court assessed the male plaintiff's allegation that he was retaliated against for his failure to prevent the female co-worker from filing a sexual harassment charge, it had no occasion to evaluate the sincerity or reasonableness of his belief that he was opposing unlawful conduct. Instead, the court addressed the question of whether the male plaintiff's "passive opposition" came under the protection of Title VII's retaliation provision, concluding that it did. *Id.* at 262. There is nothing in the holding to suggest that an underlying harassment claim that is objectively groundless – such as the plaintiff's sexual orientation claim here – can provide the basis for a retaliation claim. *Id.* at 259 ("It is improper to retaliate for the filing of a claim of violation of Title VII even if the claim does not have merit – provided it is not completely groundless.").

The plaintiff in *Berg* claimed her employer discharged her in retaliation for complaining that her employer's failure to provide pregnancy benefits constituted gender-based discrimination. After she was fired, and while her case was pending in district court, the United States Supreme Court ruled that a disability benefits plan does not violate Title VII because of its failure to cover pregnancy related disabilities. *General Electric Co. v. Gilbert*, 429 U.S. 125, 97 S.Ct. 401 (1976).[1] Based upon that holding, the district court

---

[1] In response to the *Gilbert* decision, Congress passed the Pregnancy Discrimination Act of 1978 (PDA), 42 U.S.C. § 2000e(k), effective October 31, 1978. The PDA specifies that sex discrimination includes discrimination on the basis of pregnancy.

granted the employer's motion for summary judgment. The Seventh Circuit reversed, holding that plaintiff's belief that she was opposing an unlawful practice was reasonable at the time, even where the practice was later determined not be unlawful. 612 F.2d at 1045. In so holding, the court noted that, prior to the Supreme Court holding, EEOC guidelines and six courts of appeals all considered withholding of pregnancy benefits to be unlawful under Title VII. 612 F.2d at 1043-44. Indeed, the plaintiff in *Berg* had even gone so far as to acquaint herself with the state of the law on the issue. 612 F.2d at 1045. In the instant case, to the contrary and as the plaintiff has conceded, the law is resoundingly settled that sexual orientation is not protected under Title VII or, by analogy, Title IX. *Hamm*, 332 F.3d at 1062; *Spearman v. Ford Motor Co.*, 231 F.3d 1080, 1084 (7th Cir. 2000); *Hamner*, 224 F.3d at 707; *Ulane v. Eastern Airlines*, 742 F.2d 1081, 1085 (7th Cir. 1984). The *Berg* case, then, fails to demonstrate how the plaintiff's belief that she was opposing unlawful conduct was objectively reasonable.

Finally, we come to the letter, dated May 4, 2001, in which plaintiff's parents complained of the treatment plaintiff had received from her coaches. The letter, however, like all of plaintiff's submissions in this matter, describes discrimination and harassment motivated by sexual orientation. (*Plaintiff's Motion*, at 2-3; Ex. A). Plaintiff's parents accuse one coach of having a homosexual affair with a player, and speculate as to whether the coaches favored homosexual players with playing time. (*Plaintiff's Motion*; Ex. A, at 1). They complain that plaintiff was not allowed to wear a ribbon in her hair because "it

11

made her look too feminine." (*Id.*). They claim that the other coach talked all the time about lesbian activity, trying to force her beliefs on the plaintiff. (*Id.*, at 2). There is simply nothing in this letter – and plaintiff has been unable to point to anything, be it in briefs or at oral argument – that suggests that plaintiff was opposing anything other than her being harassed because of her sexual orientation. In order to bring a complaint within the statute's protections, an individual "has to at least say something to indicate her [gender] is an issue." *Sitar v. Indiana Dept. of Transp.*, 344 F.3d 720, 727 (7th Cir. 2003). The plaintiff, or more accurately, her parents, simply did not do so here. No matter how sincerely she or her parents might have believed, from a subjective standpoint, that she was receiving unfair treatment that was actionable under Title IX, her belief was not objectively reasonable. Consequently, she cannot maintain a claim of retaliation under Title IX, and Judge Bobrick properly denied her motion to add such a charge to her complaint.

## C. THE PROPOSED BREACH OF CONTRACT CLAIM BELONGS IN STATE COURT

In her Rule 15(a) motion, plaintiff also seeks leave to add a state law breach of contract claim to her complaint, based on certain student handbooks she received from North Central College. Because plaintiff has voluntarily dismissed her original Title IX claim and she cannot allege a retaliation claim that would withstand a motion to dismiss, the basis for invoking federal jurisdiction is gone. The general rule in such instances, which Judge Bobrick followed, is that the court should relinquish jurisdiction over pendent state law claims rather than resolve them on the merits. 28 U.S.C. § 1367(c); *Williams v. Aztar*

*Indiana Gaming Corp.*, 351 F.3d 294, 300 (7th Cir. 2003). Accordingly, the court properly denied plaintiff leave to add a state law breach of contract claim to her complaint, and declined to exercise jurisdiction over the remaining state law claims.

### III. CONCLUSION

For the foregoing reasons, **the plaintiff's motion to alter or amend the court's decision of June 2, 2004, is denied.**

**SO ORDERED THIS 17th DAY OF AUGUST, 2004.**

_____
**MORTON DENLOW
UNITED STATES MAGISTRATE JUDGE**

Copies mailed to:

Kent D. Sinson
Sinson & Sinson, Ltd.
111 West Washington Street
Suite 737
Chicago, Illinois 60602
Counsel for Plaintiff

Katherine A. Rodosky
Schueler, Dallavo & Casieri
233 South Wacker Drive
Suite 6150
Chicago, Illinois 60606
Counsel for Defendant